**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-0164** |
| **HOMER GROSS** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant's Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255. R. Doc. 315. The motion is opposed. R. Doc. 319. Having considered the parties' briefs and applicable law, the Court now rules as follows.

## I.   RELEVANT BACKGROUND

On July 25, 2013, Defendant Homer Gross was indicted on 16 counts of violating the Federal Controlled Substances and Federal Gun Control Act. R. Doc. 1. On August 13, 2013, Defendant made his initial appearance before a federal magistrate judge and the Office of the Federal Public Defender was appointed to represent him. R. Doc. 12. On February 20, 2014, Defendant pleading guilty to a two-count superseding bill of information charging him with distribution of and possession with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924. R. Docs. 58, 59. On November 10, 2016, the Court sentenced Defendant to a term of imprisonment of 180 months. R. Doc. 288 at 2. Defendant did not file a direct appeal following his sentencing.

## II.   PENDING MOTION

On March 16, 2020, Defendant filed the instant motion to reinstate his right to a direct appeal, pursuant to 28 U.S.C. § 2255. R. Doc. 315. Defendant alleges that his Court-appointed

counsel from the Office of the Public Defender deprived him of effective assistance of counsel by failing to file a direct appeal after sentencing. R. Doc. 315 at 1. Defendant argues that his counsel's "failure to file an appeal on his request or failure to advise him of the right to appeal and the time limits for perfecting the appeal" constitute ineffective assistance of counsel such that he is entitled to an untimely appeal. R. Doc. 315 at 2.

In opposition, the Government contends that Defendant's motion is untimely and should be denied. R. Doc. 319. Specifically, the Government argues that pursuant to 28 U.S.C. § 2255(f), there is a one-year statute of limitations for petitions for collateral review that is triggered by one of four conditions, whichever occurs last. R. Doc. 319 at 2. The Government asserts that because Defendant did not file this appeal within one year of any of the four conditions being met, his motion is untimely and should be denied without an evidentiary hearing. R. Doc. 319 at 2.

### III.    LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to motions brought under this statute and the limitation period runs from one of the following four dates, whichever is later:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For the first condition to be met, Defendant must file a petition for collateral review within one year of the date that his judgment became final. Defendant's judgment became final

fourteen days after the entry of the judgment onto the docket. *Clay v. United States,* 537 U.S. 522 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed."); Fed. R.App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."). *See also United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011) ("He had fourteen days from the date when judgment was 'entered on the criminal docket' in which to appeal the judgment."). Defendant's judgment became final fourteen days after November 15, 2016, or on November 29, 2016. *See* R. Doc. 288. Accordingly, Defendant should have filed this motion on or before November 29, 2017 for him to have met the first condition under § 2255(f), which he did not do.

For the second condition to be met, Defendant must claim that an unconstitutional governmental action impeded him from proceeding with a motion under the statute. *See* § 2255(f)(2). However, Defendant has made no such allegations in his motion, and therefore the Court declines to consider whether this condition applies in this case. For the third condition to be met, Defendant's motion must be based on a newly-recognized right by the Supreme Court. § 2255(f)(3). This does not appear to apply to Defendant's claim either.

Finally, for the fourth condition, Defendant must file a petition for collateral review within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000);

*see also Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011) ("So the relevant question here is how long a duly diligent prisoner would take to discover that his lawyer had not filed a notice of appeal."). Other circuits have reached varying conclusions on how long it would take a duly diligent prisoner to discovery that his attorney failed to file a notice of appeal. *Compare, e.g., Compare, e.g., Granger v. Hurt,* 90 Fed.Appx. 97, 100 (6th Cir. 2004) (prisoner may wait at least two months after his sentencing hearing before even inquiring into whether counsel followed instructions and filed a notice of appeal and still be considered to have acted with "due diligence"), *with Anjulo–Lopez,* 541 F.3d at 816, 819 (prisoner who "waited an entire year to even *contact* his attorney regarding his appeal" did not act with "due diligence")(emphasis in original) *and Montenegro v. United States*, 248 F.3d 585, 593 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) (prisoner who received docket sheet six months after his conviction and sentence were final that showed that an appeal had not been filed and did not contact his attorney about the appeal did not exercise "due diligence"). In this case, Defendant filed the instant motion nearly three-and-a-half years after his sentencing and final judgment. Defendant has provided no reason why he could not, through the exercise of due diligence, have discovered that his attorney did not file a direct appeal in his case before March 16, 2019, which was still two-and-a-half years after his sentencing. Accordingly, the Court concludes that Defendant did not file this petition within one year of "the date on which the facts supporting [his claim] could have been discovered through the exercise of due diligence." *See* § 2255(f)(4).

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Homer Gross' Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255, R. Doc. 315, is hereby **DENIED**, reserving Defendant's right to re-file if he can adequately address the deficiencies in his original motion.

New Orleans, Louisiana, this 28th day of May, 2020.

_____
UNITED STATES DISTRICT JUDGE