UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | | **NO. 13-164** |
| **VERSUS** | * | |
| **HOMER GROSS** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is a motion by Defendant Homer Gross for compassionate release under 18 U.S.C. § 3582(c)(1)(A). R. Doc. 322. The Government opposes the motion. R. Doc. 329. Considering the record, the briefing and the applicable law, the Court rules as follows.

I.     BACKGROUND

On February 20, 2014, Gross pleaded guilty to conspiracy to distribute and possession with the intent to distribute 100 grams or more of heroin, a Schedule I drug controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 and possession of a firearm in furtherance of the drug trafficking crimes in violation of 18 U.S.C. § 924. R. Doc. 123 at 3. On November 10, 2016, this Court sentenced Gross to a term of imprisonment of 120 months for violation of 21 U.S.C. § 846 and 60 months for violation of 18 U.S.C. § 924 for a total of 180 months. R. Doc. 288. Gross did not file a direct appeal. On March 16, 2020, Gross filed a Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. R. Doc. 315. On April 28, 2020, that motion was denied by this Court. R. Doc. 320. Gross filed a request to be considered for Sentence Reduction to the Office of the Warden of Federal Correctional Institute Three Rivers under U.S.C. § 3582(c)(1)(A). R. Doc. 322. On October 4, 2023, Gross's request was denied by the Warden of FCI Three Rivers. *Id.* at 322-2.

1

On November 23, 2023, Gross filed the instant Motion for Compassionate Release.[1] R. Doc. 322. Gross has served approximately 130 months of his 180 month sentence. *Id.* at 2. His projected release date is February 28, 2027, at which time he will be 45 years old.

## II. PRESENT MOTION

Defendant Homer Gross filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). R. Doc. 322. Gross makes two arguments in support of his request. First, Gross argues that he received an unusually long sentence and has served at least ten years of the term of imprisonment, which may constitute an extraordinary or compelling reason for early release under the Sentencing Commission's recent amendments to U.S.S.G. § 1B1.13. *Id.* at 5. Gross argues that had he been sentenced today, his sentence would be lower due to the First Step Act. *Id.* Gross notes that in his original sentence, his statutory minimums were enhanced under 21 U.S.C. §§ 851 and 841, for having a prior qualifying felony. *Id.* Gross contends that his prior drug conviction for possession of marijuana, would now, after the First Step Act, not support the enhancement. *Id.* Second, Gross avers that he has been rehabilitated. *Id.*

The Government opposes Gross's motion, arguing that Gross has not shown extraordinary and compelling reasons for release. R. Doc. 329 at 2. Primarily, the Government argues that Gross's assertion that he would receive a different sentence had he been sentenced today is incorrect. *Id.* at 21. The Government argues that under the applicable statutes, Gross's total mandatory minimum would now be 15 years, which is the same as when he was sentenced. *Id.* Additionally, the Government argues there have been no changes to federal sentencing law that would have resulted in Gross having a lower guidelines imprisonment range if he were sentenced

---

[1] Gross's motion was referred to the 821 Sentencing Committee, who found that Gross was not requesting relief under 3582(c)(2). Rather, he requested a sentence reduction based on 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Thus, the motion did not fall within the Committee's jurisdiction and was referred back to this Court.

today. *Id.* at 22.

The Government also argues that Gross's claim that his rehabilitation constitutes a reason for a sentence reduction fails for two reasons. *Id.* First, the Government argues that rehabilitation, alone is not extraordinary or compelling. *Id.* Second, the Government argues that Gross's prison disciplinary record disproves his claim of rehabilitation because he has been sanctioned twenty times while in prison for various violations, including for sex crimes, possession drugs and alcohol, disobeying orders, and for possessing a hazardous tool. *Id.* at 22-23.

Finally, the Government argues the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against early release. *Id.* at 23. The Government argues Gross's criminal conduct involved regular and deliberate decisions to violate the law, such as selling large amounts of heroin and illegally possessing firearms as part of a lengthy drug conspiracy. *Id.* Therefore, the Government argues, Gross has not demonstrated any extraordinary or compelling reasons for a sentence reduction, and his motion should be denied. *Id.*

### III. LAW AND ANALYSIS

#### a. *Gross Has Exhausted His Administrative Remedies*

Under 18 U.S.C. § 3582(c)(1)(A), a person must exhaust his administrative remedies to bring a motion for compassionate release. Gross attaches to his motion a copy of his request to the Warden of FCI Three Rivers for a sentence reduction. R. Doc. 322-2 at 1. The Government does not contest that Gross has exhausted his administrative remedies. R. Doc. 329 at 2. Thus, Gross's present motion is timely and the Court turns to the merits of his "extraordinary and compelling" argument.

#### b. *Gross Fails to Show an Unusually Long Sentence*

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file

3

motions for a sentence reduction directly with the court. Under 18 U.S.C. § 3582(c)(1)(A), a court, "upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide six types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) abuse of defendant while in custody, (5) other reasons, and (6) an unusually long sentence. U.S.S.G. § 1B1.13.[2] In his motion, Gross raises only the sixth reason for a sentence reduction, an unusually long sentence.

Section 1B1.13 of the Sentencing Guidelines provides that certain defendants who are serving sentences that have been rendered "unusually long" by an intervening change in the law may be eligible for relief. The text of § 1B1.13 reads, in relevant part: "Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof . . .

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

Gross argues that his sentence would be lower were he sentenced today rather than in 2016, constituting an extraordinary and compelling reason for release. However, Gross's argument is unpersuasive because as the Government contends, his statutory minimum, if sentenced today, would be identical to his statutory minimum in 2016. As stated earlier, Gross was sentenced for

---

[2] These policy statements and their commentary do not bind courts, but may "inform[] [courts'] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 and possession of a firearm in furtherance of the drug trafficking crimes in violation of 18 U.S.C. § 924. R. Doc. 123 at 3. Currently, and in 2016, the statutory minimum under 21 U.S.C. § 841 is as follows: "If any person commits such a violation after a prior conviction for a serious drug felony *or serious violent felony* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . " (emphasis added). Gross argues that his prior marijuana possession conviction would no longer qualify as a "serious drug felony" after the First Step Act.

However, even if this is true, Gross has another prior felony that would establish an enhancement under 21 U.S.C. §§ 841 and 851. On August 5, 2004, Gross pleaded guilty to second degree battery and criminal trespass for hitting a law enforcement officer with a car. R. Doc 123 at 15. Although his imprisonment was suspended, this offense qualifies as a "serious violent felony" because he used force and pleaded guilty to two years imprisonment. *See* 18 U.S.C. § 924 (stating that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year. . . that has an element of the use, attempted use, or threatened use of physical force against the person of another"); *see also United States v. Olea-Rivera*, 318 F. App'x 292 (5th Cir. 2009) (holding that the district court did not commit plain error in assigning a criminal history point for a prior conviction with a suspended sentence). Thus, if Gross were sentenced today, he would be sentenced under the same mandatory minimum of 10 years under 21 U.S.C. §§ 841 and 851. Gross does not dispute that his mandatory minimum for his violation of 18 U.S.C. § 924 is still 5 years, the same as it was in 2016. R. Doc. 322 at 5.

Gross is not subjected to an "unusually long sentence" because he received the same 15 year statutory minimum in 2016 that he would face had he been sentenced today. U.S.S.G. § 1B1.13. And, Gross was in fact sentenced to 15 years, so his sentence is no longer than minimum

5

statutory requirements. R. Doc. 288. Therefore, Gross fails to demonstrate that extraordinary or compelling reasons for a sentence reduction pursuant to U.S.S.G. § 1B1.13.

### c. *Gross Fails to Establish that Rehabilitation is an Extraordinary or Compelling Reason, or That He Has Been Rehabilitated*

Gross also argues that he has been rehabilitated while in prison. R. Doc. 322 at 5. Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for sentence reduction. *See* U.S.S.G. § 1B1.13(d). Because Gross's claim that he faces an unusually long sentence fails, this Court cannot grant a sentence reduction based on rehabilitation alone. Furthermore, Gross fails to explain why he has been rehabilitated or to describe evidence of his rehabilitation in his motion. R. Doc. 322. Additionally, Gross's prison disciplinary record undermines his claim of rehabilitation. The record shows he has been sanctioned twenty times while in prison for various violations, including making a sexual proposal or threat, possessing drugs and alcohol, disobeying orders, and possessing a hazardous tool. *Id.* at 22-23. These violations have occurred throughout Gross's sentence, from 2017 through 2022. Thus, rehabilitation does not support release.[3]

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Homer Gross's Motion for Compassionate Release, R. Doc. 322, is **DENIED.**

New Orleans, Louisiana this 14th day of June, 2024.

Honorable Eldon E. Fallon

---

[3] Because Gross has not demonstrated any extraordinary and compelling reasons for a sentence reduction, this Court need not address the sentencing factors set forth in 18 U.S.C. § 3553(a) that may outweigh such reasons.