UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 13-164 |
| HOMER GROSS | * | SECTION L |

**ORDER & REASONS**

Before the Court is a letter sent by Defendant Homer Gross. The Court construes the letter as a challenge to the Bureau of Prisons' determination that he is ineligible to earn "time credits" pursuant to the First Step Act, 18 U.S.C. § 3632(d)(4). Considering the letter and the applicable law, the Court clarifies that Mr. Gross is not eligible to earn "time credit" under the First Step Act.

**I.    BACKGROUND**

On February 20, 2014, Gross pleaded guilty to two charges: (1) conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846 and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). R. Doc. 123 at 3. On November 10, 2016, this Court sentenced Gross to imprisonment for a total term of 180 months. R. Doc. 288. Mr. Gross subsequently filed both a § 2255 petition and a motion for compassionate release, both of which were denied by this Court. R. Docs. 320, 330.

**II.    PRESENT MOTION**

The Court is in receipt of a letter from Mr. Gross. R. Doc. 331-1. He notes that he is "writing to inquire about the First Step Act." He explains that because of his § 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime, he has been "put in the violent category." He argues that his § 924(c) charge was not truly violent because the firearm in question

1

was found in his "possession" but not on his "person." Thus, he argues that he should be afforded a "chance to lower my recidivism by having the positive enforcement of programming to lower my time causing me to suffer ailments like my mental health and more."

### III.     LAW AND ANALYSIS

The Court is unable to grant the relief Mr. Gross requests. He appears to be challenging his ineligibility to receive "good time" credit pursuant to the First Step Act by participating in certain prison programming. Unfortunately, however, Mr. Gross is not eligible to receive such time credits. Pursuant to the First Step Act, "A prisoner, *except for an ineligible prisoner under subparagraph (D)*, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits." 18 U.S.C. § 3632(d)(4)(A) (emphasis added). Subparagraph (D) specifically provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.* Here, Mr. Gross was convicted of a § 924(c) violation for possession of a firearm in furtherance of a drug trafficking crime. R. Doc. 288. Accordingly, he is clearly ineligible to earn time credit by the terms of the statute. Although Mr. Gross contends that his particular conduct was not "violent," this has no bearing on the fact that Congress has specifically excluded those with a § 924(c) conviction from eligibility.

Although Mr. Gross is ineligible to earn "time credit" for participating in First Step Act programming, the Court still encourages him to enroll in any available programming. The Court commends Mr. Gross' interest in improving his mental health and reducing his likelihood to recidivate, and the Court urges Mr. Gross to take advantage of any helpful programming the BOP offers, regardless of the opportunity to earn time credit.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Gross' request to be deemed eligible to earn time credit under the First Step Act is **DENIED.**

New Orleans, Louisiana this 20th day of February, 2025.

                                                    Honorable Eldon E. Fallon